FILED

FEB 0 9 2011

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN BONNEAU,

        Plaintiff,

                                        CV 10-920-PK

                                        FINDINGS AND

v.                                 RECOMMENDATION

PROGRESSIVE UNIVERSAL INSURANCE
COMPANY OF ILLINOIS,

        Defendant.

PAPAK, Magistrate Judge:

        Incarcerated *pro se* plaintiff Ryan Bonneau, proceeding *in forma pauperis*, filed this

action against his insurer, defendant Progressive Universal Insurance Company of Illinois

("Progressive") on August 5, 2010, alleging Progressive's liability for breach of contract arising

out of Progressive's denial of insurance coverage in connection with an automobile accident in

which Bonneau was involved in April 2010.  This court has jurisdiction over Bonneau's claim

pursuant to 28 U.S.C. § 1332, based on the diversity of the parties and the amount in controversy.

        Now before the court is defendant's motion (#21) to dismiss for lack of federal subject-

matter jurisdiction and, in the alternative, to strike certain material from Bonneau's pleading.  I

Page 1 - FINDINGS AND RECOMMENDATION

have considered the motion and all of the pleadings on file. For the reasons set forth below,

Progressive's motion should be denied in its entirety, and I recommend that Progressive's counsel

be ordered to show cause why their conduct in filing and prosecuting Progressive's motion did

not violate Federal Civil Procedure Rule 11(b)(2).

## LEGAL STANDARD

### I.    Motion to Dismiss for Lack of Federal Subject-Matter Jurisdiction

The federal courts are courts of limited jurisdiction. *See, e.g., Exxon Mobil Corp. v.*

*Allapattah Servs.*, 545 U.S. 546, 552 (2005), *citing Kokkonen v. Guardian Life Ins. Co. of*

*America*, 511 U.S. 375, 377 (1994). As such, the courts presume that causes of action "lie[]

outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party

asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also, e.g., Vacek v. United States Postal*

*Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

### II.   Motion to Strike

Federal Civil Procedure Rule 12 provides that the district courts "may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter"

on their own initiative or pursuant to a party's motion. Fed. R. Civ. P. 12(f). The disposition of a

motion to strike is within the discretion of the district court. *See Federal Sav. & Loan Ins. Corp.*

*v. Gemini Management*, 921 F.2d 241, 244 (9th Cir. 1990). Motions to strike are disfavored and

infrequently granted. *See Stabilisierungsfonds Fur Wein v. Kaiser, Stuhl Wind Distribs. Pty.,*

*Ltd.*, 647 F.2d 200, 201, 201 n.1 (D.C. Cir. 1981); *Pease & Curren Refining, Inc. v. Spectrolab,*

*Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990), abrogated on other grounds by *Stanton Road Ass'n*

*v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993).

## FACTUAL BACKGROUND

According to the allegations of Bonneau's complaint, plaintiff Bonneau is, and at all material times was, a resident of Oregon.  Bonneau further alleges that defendant Progressive is an Illinois corporation and, implicitly, that Progressive does not maintain its principal place of business in Oregon.  Progressive does not contest the accuracy of these express and implicit allegations.

Bonneau additionally alleges that in and prior to April 2010, he and Progressive were parties to an insurance contract pursuant to which Progressive agreed to provide him with automobile insurance, subject to a coverage limit of $500,000 per accident or other occurrence and a Personal Injury Protection limit of $100,000.  Bonneau further alleges that, in April 2010, he was involved in a one-car automobile accident that caused him to sustain injuries to his person, without causing damage to his vehicle.  Bonneau alleges that Progressive refused to provide insurance coverage in connection with his injuries, allegedly in violation of the parties' insurance contract.  This action followed.

## ANALYSIS

I.    **Motion to Dismiss for Lack of Federal Subject-Matter Jurisdiction**

Progressive notes that 28 U.S.C. § 1332 -- the statute upon which Bonneau relies in support of his assertion that this court may properly exercise jurisdiction over his claims -- provides, in part, that:

> a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, **except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a**

**citizen of the State of which the insured is a citizen,** as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. . . .

28 U.S.C. § 1332(c)(1) (emphasis supplied).  On the basis of Section 1332(c)(1), Progressive argues that, for purposes of this action, Progressive must be deemed a citizen of Oregon, thus defeating Bonneau's assertion of diversity jurisdiction.  In support of its argument, Progressive chiefly relies on the Supreme Court's decision in *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6 (1989).

Progressive patently and significantly misrepresents to the court the gravamen of both Section 1332(c)(1) and *Northbrook*, both in its moving papers and, after having had the benefit of Bonneau's fundamentally sound opposing argument, in its reply memorandum.  The *Northbrook* court construed, and summarized the legislative history of, Section 1332(c)(1) as follows:

> Congress added the proviso to § 1332(c) in 1964 in response to a sharp increase in the caseload of Federal District Courts in Louisiana resulting largely from that State's adoption of a direct action statute, La. Rev. Stat. Ann. § 22.655 (West 1959).  *See* S. Rep. No. 1308, 88th Cong., 2d Sess., 4 (1964); H. R. Rep. No. 1229, 88th Cong., 2d Sess., 4 (1964).  The Louisiana statute permitted an injured party to sue the tortfeasor's insurer directly without joining the tortfeasor as a defendant.  Its effect was to create diversity jurisdiction in cases in which both the tortfeasor and the injured party were residents of Louisiana, but the tortfeasor's insurer was considered a resident of another State.  Believing that such suits did "not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judicial system," S. Rep. No. 1308, *supra*, at 7, **Congress enacted the proviso "to eliminate under the diversity jurisdiction of the U. S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tortfeasor as a defendant,"** *id.*, at 1 . . . .  *See also* H. R. Rep. No. 1229, *supra*, at 1.

*Northbrook*, 493 U.S. at 9-10 (italicized emphasis omitted; bolded emphasis supplied).  Under

Page 4 - FINDINGS AND RECOMMENDATION

the *Northbrook* court's construal of the statute, the so-called "direct action proviso" of Section 1332(c)(1) is unambiguously inapplicable here, where Bonneau has not brought his action directly against the insurer of any alleged tortfeasor, but rather has sued his own insurer for breach of the insurance contract. Under the plain language of the *Northbrook* opinion, Progressive's argument is simply not colorable.

Well-established Ninth Circuit case law affirms this construal of the direct action proviso. In *Beckham v. Safeco Ins. Co.*, 691 F.2d 898 (9th Cir. 1982) – a decision pre-dating *Northbrook* – the Ninth Circuit analyzed the direct action proviso and concluded that its purpose was "specifically to eliminate from diversity jurisdiction tort claims in which both the injured party and the tortfeasor are local residents, but which, under state 'direct action' statutes, are brought against the tortfeasor's foreign insurance carrier without joining the tortfeasor as a defendant." *Beckham*, 691 F.2d at 901 (citations omitted). The *Beckham* court noted that:

> Courts have uniformly defined the term 'direct action' as used in this section as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him.

*Id.* at 901-902 (citations omitted). "Thus," the court concluded, "'unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action.'" *Id.* at 902, *quoting Walker v. Firemans Fund Insurance Co.*, 260 F. Supp. 95, 96 (D.Mont. 1966). Reasoning that the *Beckham* plaintiff was not seeking to impose liability on the insurer defendant for any malfeasance of its insured, but rather was seeking to impose liability on the insurer for the insurer's own conduct, the court determined that the direct action proviso of Section 1332(c)(1)

was plainly inapplicable on its own terms. *See id.*

Following the Supreme Court's decision in *Northbrook*, in *Searles v. Cincinnati Ins. Co.*, 998 F.2d 728 (9th Cir. 1993), the Ninth Circuit unreservedly affirmed the *Beckham* analysis of the direct action proviso. The *Searles* court expressly noted that *Northbrook* was in no way inconsistent with *Beckham*, *see Searles*, 998 F.2d at 729, and that the legislative history of Section 1332(c)(1), as set forth in *Northbrook*, compels precisely the result reached by the *Beckham* court, *see id.* The *Searles* court therefore affirmed that the direct action proviso is applicable only where a local plaintiff elects to bring an action against a local tortfeasor's foreign insurer, without joining the local tortfeasor as a defendant. *See id.* at 730.

Bonneau's action against Progressive is clearly not a "direct action" as that term is used in Section 1332(c)(1). Bonneau asserts no cause of action against Progressive that could properly be asserted against any insured of Progressive's, nor does he seek to impose liability against Progressive for the actions of any of its insureds. To the contrary, Bonneau unambiguously seeks to impose liability on Progressive for its own actions in denying insurance coverage in connection with Bonneau's alleged automobile accident. The direct action proviso therefore has no application here, and no grounds exist in the record before the court for deeming Progressive a citizen of Oregon. In consequence, Progressive's motion to dismiss for lack of federal subject-matter jurisdiction should be denied.

## II.     Motion to Strike

Bonneau's pleading contains a section, enumerated as Section V and bearing the over-arching subject heading "Legal Claims," in which Bonneau sets forth 14 discrete paragraphs, each under its own, subordinate subject heading. The subordinate subject headings set forth in

Page 6 - FINDINGS AND RECOMMENDATION

Section V are as follows: "Breach of Contract – P[ersonal] I[njury] P[rotection]," "Breach of Contract – Uninsured Motorist," "Breach of Contract," "Bodily Injury,"[1] "Pain and Suffering," "Aggravation of Previous Injury," "Loss of Earnings or Services," "Loss of Profits," "Mental Suffering and Emotional Distress," "Negligent Infliction of Emotional Distress," "Nonperformance," "Negligence," and "Future Expenses." Arguing that Bonneau's allegations of fact, if established, would give rise "[a]t most" to claims of breach of contract under the Personal Injury Protection and Uninsured Motorist provisions of the parties' insurance contract, and that the majority of the subordinate paragraphs of Section V reference theories of recovery rather than independent causes of action, Progressive moves to strike from Bonneau's pleading all the text of Section V other than the subordinate subject headings "Breach of Contract – PIP" and "Breach of Contract –Uninsured Motorist" and their associated paragraphs.

Federal Civil Procedure Rule 12(f) permits the courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike pursuant to Rule 12(f) should be denied unless the moving party can show both that the challenged allegations can have no possible bearing on the subject matter of the litigation and that the challenged allegations will be prejudicial to it. *See Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553-554 (D. Haw. 1998); *see also Pease & Curren*, 744 F. Supp. at 947; *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2nd Cir. 1976). "Thus the courts should not tamper with the pleadings unless there is a strong reason for so doing." *Lipsky*, 551 F.2d at 893. In considering a motion to strike pursuant to Rule 12(f), the

---

[1] "Bodily Injury" appears twice as a subordinate subject heading in Section V of Bonneau's complaint.

district courts view the pleadings in the light most favorable to the nonmoving party. *See Wailua Assocs.*, 183 F.R.D. at 554.

Here, Progressive has not met its burden to establish that the paragraphs within the scope of its motion are redundant, immaterial, impertinent, or scandalous, or that the paragraphs' inclusion in Bonneau's pleading would cause it to suffer any prejudice. Instead, Progressive urges the court to strike the paragraphs on three asserted grounds: (i) that some of the paragraphs within the scope of the motion do not set forth legal claims, despite the fact that all of the paragraphs of Section V fall under the over-arching subject heading "Legal Claims;" (ii) that the facts Bonneau alleges do not give rise to causes of action for negligence, negligent infliction of emotional distress, or mental suffering and emotional distress against Progressive; and (iii) that the paragraph under the subordinate subject heading "Breach of Contract" is redundant with the paragraphs under the subordinate subject headings "Breach of Contract – PIP" and "Breach of Contract –Uninsured Motorist." None of the asserted grounds constitutes a "strong reason" for tampering with Bonneau's pleading.

As to the argument that some of the paragraphs within the scope of the motion do not set forth legal claims, despite the fact that all of the paragraphs of Section V fall under the over-arching subject heading "Legal Claims," I agree with Progressive that the subject heading is mildly misleading. However, to the extent that the paragraphs set forth theories of recovery and/or statements of damages, they are clearly not redundant, immaterial, impertinent, or scandalous, but rather potentially appropriate for inclusion in a plaintiff's pleading. Moreover, there appears to be no potential for prejudice to Progressive in the event Bonneau were permitted to set forth his various theories of recovery and/or statements of damages in his pleading.

Page 8 - FINDINGS AND RECOMMENDATION

I further agree with Progressive that Oregon law does not recognize a cause of action for "nonperformance." However, a requisite to recovery on a breach of contract theory is the defendant's failure to perform its contractual obligations, and the paragraph appearing under the "Nonperformance" amounts to an allegation that Progressive failed to perform its obligations under the parties' insurance contract. That paragraph, too, is therefore neither redundant, immaterial, impertinent, or scandalous nor prejudicial to Progressive.

As to the argument that Bonneau has no claim for negligence, negligent infliction of emotional distress, or mental suffering and emotional distress, and that the paragraphs appearing under the subordinate subject headings "Negligence," "Negligent Infliction of Emotional Distress," and "Mental Suffering and Emotional Distress" should for that reason be stricken, to the extent the specified paragraphs purport to state causes of action, a motion to strike is not the appropriate procedural mechanism for dismissing such claims.[2] However, I note that the paragraph appearing under the subordinate subject heading "Negligence" clearly does not purport to allege Progressive's liability for negligence, but rather constitutes an allegation that the injury in connection with which Bonneau asserts a contractual right to insurance coverage was caused by another motorist's negligence. Such allegation is not clearly redundant, immaterial, impertinent, or scandalous, and gives rise to no apparent prejudice to Progressive. Similarly, I further note that the paragraph appearing under the subordinate subject heading "Mental Suffering and Emotional Distress" appears to constitute a theory of recovery rather than a purported cause of action.

_____

[2] My recommended disposition of Progressive's motion to strike is not intended to limit Progressive's freedom to file a motion to dismiss for failure to state a claim as to any or all of the causes of action alleged in Bonneau's complaint.

Page 9 - FINDINGS AND RECOMMENDATION

As to the argument that the paragraph under the subordinate subject heading "Breach of Contract" is redundant with the paragraphs under the subordinate subject headings "Breach of Contract – PIP" and "Breach of Contract –Uninsured Motorist," Progressive's bare assertion is not sufficient to establish the paragraph's redundancy. I note that Bonneau alleges that Progressive improperly closed its investigation of his insurance claim prematurely, that it failed to return his phone calls, and otherwise failed to fulfill its contractual obligations to Bonneau. The "Breach of Contract" paragraph therefore appears to allege a count of Bonneau's breach claim independent of his assertions that Progressive breached the insurance contract by failing to tender payments under its Personal Injury Protection and Uninsured Motorist provisions. Moreover, even if the paragraph were shown to be redundant, Progressive has made no showing that its inclusion in Bonneau's pleading would prejudice it in any way.

Because Progressive has not met its burden under Rule 12(f) to establish that the specified paragraphs could properly be stricken from Bonneau's pleading, the alternative motion to strike should be denied.

## III.    Order to Show Cause

Federal Civil Procedure Rule 11(b) provides, in relevant part, as follows:

By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

　　　　* * *

(2)    the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new

Page 10 - FINDINGS AND RECOMMENDATION

law. . . .

Fed. R. Civ. P. 11(b).  Pursuant to Federal Civil Procedure Rule 11(c)(3), the district courts are empowered to "order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)."  Fed. R. Civ. P. 11(c)(3).  Where an attorney or party's conduct violates Rule 11(b), the district courts are authorized to issue sanctions "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," including "nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P. 11(c)(4).  Notwithstanding the foregoing, the courts may not issue monetary sanctions against a represented party for the represented party's counsel's violation of Rule 11(b)(2), nor may the court issue a monetary sanction *sua sponte* without first ordering the attorney or party to be sanctioned to show cause why such sanctions should not issue before voluntary dismissal or settlement of the claims at issue.  *See* Fed. R. Civ. P. 11(c)(5).

As noted above, in support of its motion to dismiss for lack of federal subject-matter jurisdiction Progressive expressly misrepresented to the court the gravamen both of the direct action proviso of 28 U.S.C. § 1332(c)(1) and of unambiguous Supreme Court jurisprudence construing it.  Perhaps more troubling still, in its reply memorandum, filed after Progressive had had the opportunity to review the arguments and supporting citations set forth in Bonneau's opposition memorandum, rather than withdraw its motion Progressive cleaved to its untenable legal position, reiterated the same inaccurate characterizations of the operative statute set forth in its moving papers, and advanced patently frivolous arguments for distinguishing *Beckham, supra,*

Page 11 - FINDINGS AND RECOMMENDATION

and *Searles*, *supra*, from the case now before the court.  Because the arguments advanced in

support of Progressive's motion to dismiss appear wholly unwarranted under well-established

Ninth Circuit and Supreme Court jurisprudence, I recommend that the court order Progressive's

counsel to show cause why their conduct in signing and filing the briefs filed in support of

Progressive's motion did not violate Rule 11(b)(2).

In making the foregoing recommendation, I express no opinion as to the ultimate merits

of Bonneau's claims against Progressive.

## CONCLUSION

For the reasons set forth above, I recommend that Progressive's motion (#21) to dismiss

for lack of federal subject-matter jurisdiction and alternative motion to strike be denied in its

entirety, and that Progressive's counsel be ordered to show cause why their conduct in filing and

prosecuting Progressive's motion did not violate Federal Civil Procedure Rule 11(b)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any,

are due fourteen (14) days from service of the Findings and Recommendation.  If no objections

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a

copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a

waiver of that party's right to *de novo* consideration of the factual issues addressed herein and

Page 12 - FINDINGS AND RECOMMENDATION

will constitute a waiver of the party's right to review of the findings of fact in any order or

judgment entered by a district judge.  These Findings and Recommendation are not immediately

appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1)

of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.


Dated this 9th day of February, 2011.

Honorable Paul Papak
United States Magistrate Judge

Page 13 - FINDINGS AND RECOMMENDATION