IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RYAN F. BONNEAU**,

    Plaintiff,                                         No. CV 10-920-PK

    v.                                              OPINION AND ORDER

**PROGRESSIVE UNIVERSAL
INSURANCE COMPANY OF ILLINOIS**,

    Defendant.

**MOSMAN, J.**,

On February 9, 2011, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") (#31) in the above-captioned case recommending that I deny Progressive's motions to dismiss and strike and order Progressive to show cause why sanctions should not be imposed. Defendant filed objections (#34). I adopt the F&R as my own opinion.

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are

1

addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Neither Progressive nor Mr. Bonneau object to Judge Papak's findings and recommendation concerning Progressive's motions to dismiss and strike. Progressive, however, objects to Judge Papak's recommendation that Progressive show cause why sanctions should not be imposed under Federal Rule of Civil Procedure 11(b)(2). While the thrust of Progressive's objection to the F&R—namely, that the standard for a *sua sponte* order of sanctions had not been met—is correct, it is misplaced. Judge Papak has not ordered the imposition of sanctions. He has merely taken the first procedural step towards sanctions and recommended that I order the company to show cause why sanctions should not be imposed. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115–16 (9th Cir. 2001) (noting that a court must ordinarily order parties to show cause before imposing sanctions *sua sponte*). Consequently, the standard on which Progressive relies, like the arguments flowing from it, is irrelevant. Further, given the nature of Progressive's filings, it is well within Judge Papak's discretion to order Progressive to show cause. *See* Wright & Miller, *Federal Practice and Procedure* § 1337.1 (2010) (stating that the court may *sua sponte* order a party to show cause).

/// /// ///

/// /// ///

/// /// ///

## CONCLUSION

Upon review, I ADOPT Judge Papak's F&R (#31) as my own opinion and I DENY Progressive's motions to dismiss and strike (#21). I further ADOPT Judge Papak's recommendation that Progressive be ordered to show cause why sanctions should not be ordered under Federal Rule of Civil Procedure 11(b)(2).

IT IS SO ORDERED.

DATED this  6th  day of April, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court