IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RYAN BONNEAU,

    Plaintiff,

v.

PROGRESSIVE UNIVERSAL INSURANCE
COMPANY OF ILLINOIS,

    Defendant.

CV 10-920-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

    Incarcerated *pro se* plaintiff Ryan Bonneau, proceeding *in forma pauperis*, filed this action against his insurer, defendant Progressive Universal Insurance Company of Illinois ("Progressive") on August 5, 2010, alleging Progressive's liability for breach of contract and other causes of action arising out of Progressive's denial of insurance coverage in connection with an April or May 2009 automobile accident in which Bonneau was involved. Bonneau amended his complaint effective February 6, 2012, and Progressive filed an answer to Bonneau's amended complaint on February 17, 2012, pleading the affirmative defenses of failure to state a claim, failure to perform conditions precedent, and contributory negligence. This court has

Page 1 - OPINION AND ORDER

jurisdiction over Bonneau's claim pursuant to 28 U.S.C. § 1332, based on the diversity of the parties and the amount in controversy.

Now before the court is Bonneau's motion (#74) to strike Progressive's three affirmative defenses. I have considered the motion and all of the pleadings and papers on file. For the reasons set forth below, Bonneau's motion is denied.

## LEGAL STANDARD

Federal Civil Procedure Rule 12 provides that the district courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on their own initiative or pursuant to a party's motion. Fed. R. Civ. P. 12(f). The disposition of a motion to strike is within the discretion of the district court. *See Federal Sav. & Loan Ins. Corp. v. Gemini Management*, 921 F.2d 241, 244 (9th Cir. 1990). Motions to strike are disfavored and infrequently granted. *See Stabilisierungsfonds Fur Wein v. Kaiser, Stuhl Wind Distribs. Pty., Ltd.*, 647 F.2d 200, 201, 201 n.1 (D.C. Cir. 1981); *Pease & Curren Refining, Inc. v. Spectrolab, Inc.*, 744 F. Supp. 945, 947 (C.D. Cal. 1990), abrogated on other grounds by *Stanton Road Ass'n v. Lohrey Enters.*, 984 F.2d 1015 (9th Cir. 1993).

## FACTUAL BACKGROUND

According to the allegations of Bonneau's amended complaint, plaintiff Bonneau is, and at all material times was, a resident of Oregon. Bonneau further alleges that defendant Progressive is an Illinois corporation and, implicitly, that Progressive does not maintain its principal place of business in Oregon. Progressive does not contest the accuracy of these express and implicit allegations.

As noted above, Bonneau alleges that he was involved in an automobile accident in April

Page 2 - OPINION AND ORDER

of May 2009. Bonneau additionally alleges that, at the time the alleged automobile accident took place, he and Progressive were parties to an insurance contract pursuant to which Progressive agreed to provide him with automobile insurance, subject to a coverage limit of $500,000 per accident or other occurrence involving an uninsured or underinsured motorist and a Personal Injury Protection limit of $100,000. Bonneau further alleges that Progressive refused to provide insurance coverage in connection with injuries he allegedly suffered in consequence of the automobile accident, in violation of the parties' insurance contract.

In response to Bonneau's amended complaint, Progressive pleads the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)
6.
Plaintiff's claims, and each of them, fail to state claims for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(Failure to Perform Conditions Precedent)
7.
Plaintiff failed to perform conditions precedent to his claims for insurance benefits under his insurance policy with Progressive Universal Insurance Company.

### THIRD AFFIRMATIVE DEFENSE
(Plaintiff's Own Fault or Negligence)
8.
Plaintiff's injuries and damages, if any, were the result of plaintiff's own fault or negligence.

Answer, ¶¶ 6-8.

## ANALYSIS

Bonneau moves to strike each of Progressive's three asserted affirmative defenses on the

grounds that none of the three may properly be pled as an affirmative defense and, apparently in the alternative, that none of the three is pled with adequate particularity. In addition, Bonneau requests that Progressive receive unspecified sanctions for its purportedly "dilatory" assertion of the three defenses.

Federal Civil Procedure Rule 8(c) provides, in part, that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1); *see also* Fed. R. Civ. P. 8(b)(1) ("In responding to a pleading, a party must. . . state in short and plain terms its defenses to each claim asserted against it"). An affirmative defense is a defense that precludes a defendant's liability for an offense without negating any of the elements of the offense and without regard to whether the plaintiff can establish all of the elements of the offense. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979), *citing Conley v. Gibson*, 355 U.S. 41, 47-48 (1957); 5 Wright & Miller Federal Practice and Procedure, § 1274 at 323. The courts may find an affirmative defense to be adequately pled if fair notice of the defense may be gleaned from materials filed in support of or in connection with the pled defense. *See id.*

## I.    Progressive's First Affirmative Defense: Failure to State a Claim

As noted above, an affirmative defense is a defense that precludes a defendant's liability for an offense without negating any of the elements of the offense. As such, failure to state a claim is not an affirmative defense, in that by definition the defense of failure to state a claim is premised on a plaintiff's underlying failure adequately to plead the claim's elements. A defendant therefore need not plead failure to state a claim in a responsive pleading in order to avoid waiver

Page 4 - OPINION AND ORDER

of the defense. *See* Fed. R. Civ. P. 12(h)(1).

Under Federal Civil Procedure Rule 12(h)(2)(A), however, it is clear that a defendant may nevertheless appropriately plead failure to state a claim in its responsive pleading should the defendant elect to do so. *See* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted. . . may be raised. . . in any pleading. . ."). Indeed, failure to state a claim is among the affirmative defenses pled in the form answer provided as Form 30 of the Appendix of Forms to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P., Appx., Form 30. There is therefore nothing inappropriate in Progressive's election to plead the defense in its answer.

Progressive's defense of failure to state a claim is not pled with any supporting detail or other particularity. However, while Federal Civil Procedure Rule 9 provides that certain matters, if pled, must be pled with particularity, failure to state a claim is not among those matters. *See* Fed. R. Civ. P. 9. It therefore follows that the defense of failure to state a claim need not be pled with particularity. *See id.*; *see also* Fed. R. Civ. P., Appx., Form 30 (pleading failure to state a claim without particularity in connection with demonstration of how properly to plead defenses under Federal Civil Procedure Rule 12(b)). The lack of particularity in Progressive's pleading of its defense is therefore not improper. Moreover, because failure to state a claim is not an affirmative defense, but rather either a general denial or a ground for dismissal of a claim as to which the burden of proof is on the defendant, Progressive is under no obligation to give Bonneau any greater notice of its intent to rely on a failure to state a claim theory than is provided in its pleading.

For the foregoing reasons, Bonneau's motion to strike is denied as to Progressive's first enumerated affirmative defense.

Page 5 - OPINION AND ORDER

## II. Progressive's Second Affirmative Defense: Failure to Perform Conditions Precedent

Failure to perform a condition precedent, like failure to state a claim, is not an affirmative defense[1] but rather a defense that may be pled in a responsive pleading. With regard to pleading conditions precedent, Federal Civil Procedure Rule 9(c) provides as follows:

> In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But **when denying that a condition precedent has occurred or been performed, a party must do so with particularity.**

Fed. R. Civ. P. 9(c) (emphasis supplied).

Here, Progressive has not pled its defense of failure to perform conditions precedent with particularity. However, as noted above, the courts of the Ninth Circuit deem a defense sufficiently pled if fair notice of the defense can be obtained by review of all materials filed in support of or in connection with the pled defense. *See Wyshak*, 607 F.2d at 827. It is therefore appropriate to consider all of the allegations of Progressive's pleading to determine whether Progressive's additional allegations may provide the requisite particularity.

In addition to pleading the bare defense of failure to perform conditions precedent, defendants allege in their responsive pleading that "plaintiff failed to cooperate with Progressive . . . regarding its investigation and evaluation of plaintiff's claim," and that Progressive refused to pay Bonneau's medical defenses for that reason. Answer, ¶ 4. This allegation provides the particularity required by Rule 9(c). Because Progressive's pleading contains the particularity

---

[1] Under Oregon law, to state a claim for breach of contract a plaintiff must plead either substantial performance of all the plaintiff's obligations under the contract. *See, e.g., Aurora Aviation, Inc. v. AAR Western Skyways, Inc.*, 75 Or. App. 598, 602 (1985). A plaintiff's failure to perform conditions precedent is therefore a defense that relies upon the negation of one of the elements of the claim to be defended, and therefore not an affirmative defense.

Page 6 - OPINION AND ORDER

required in pleading failure to perform conditions precedent, Bonneau's motion is denied as to Progressive's second enumerated affirmative defense.

### III. Progressive's Third Affirmative Defense: Contributory Negligence

A plaintiff's contributory negligence is an affirmative defense that must be pled in a responsive pleading or it is waived. *See* Fed. R. Civ. P. 8(c)(1). Although contributory negligence need not be pled with special particularity, *see* Fed. R. Civ. P. 9, as an affirmative defense contributory negligence is nevertheless only adequately pled if pled in such a manner as to give the plaintiff fair notice of the nature of the defense, *see Wyshak*, 607 F.2d at 827. Here, Progressive's contributory negligence affirmative defense is not pled with any supporting detail or other particularity. However, because Bonneau's claims against Progressive are all premised on the theory that Progressive owed Bonneau a duty in connection with injuries Bonneau allegedly suffered in consequence of an automobile accident in which Bonneau was involved, it is reasonable to infer that, in alleging that "[p]laintiff's injuries and damages, if any, were the result of plaintiff's own fault or negligence," Progressive intends to provide Bonneau with notice that they will argue that Bonneau was contributorily negligent in some manner in connection with that automobile accident. Moreover, it would be unreasonable at this early stage of these proceedings to require Progressive to allege with greater specificity the manner in which Bonneau may have been contributorily negligent, and if Progressive were not permitted to plead the defense until after discovery had established all of the ways in which Bonneau might have been contributorily negligent, Progressive would face the risk of having thereby waived its right to assert the defense.

Despite the lack of particularity with which the defense has been pled, in light of the

Page 7 - OPINION AND ORDER

context of Progressive's pleading, Progressive's allegation is sufficient to put Bonneau on fair notice of the general nature of the defense. For that reason, Bonneau's motion is denied as to Progressive's third enumerated affirmative defense.

## IV. Request for Imposition of Sanctions

Bonneau's request for imposition of sanctions in connection with Progressive's assertion of the three defenses discussed above is denied.

## CONCLUSION

For the reasons set forth above, Bonneau's motion (#74) to strike is denied in its entirety.

Dated this 24th day of April, 2012.

_/s/ Paul Papak_
Honorable Paul Papak
United States Magistrate Judge